**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIM MILLER, | No. 16-35717 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00571-AC |
| v. | |
| ERIC OLSEN, an individual, president of the Board of Directors of Euterpe, Inc., and administrator of the Euterpe, Inc. Emplyee Equity Growth Plan; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted May 18, 2018
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and LASNIK,** District Judge.

Plaintiff Jim Miller appeals the district court's order granting defendants'

motion for summary judgment on Miller's Employment Retirement Income

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Security Act ("ERISA") claims, on the basis that the Euterpe Employee Equity Growth Plan ("EGP") was not a defined contribution plan subject to ERISA. 29 U.S.C. § 1011-1461. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

We recently explained that whether or not the primary purpose of a plan is to provide deferred compensation or retirement income is the "paramount consideration" in determining whether a compensation plan qualifies as an employee pension benefit plan under ERISA. *See Rich v. Shrader*, 823 F.3d 1205, 1210 (9th Cir. 2016); *see also* 29 C.F.R. § 2510.3-2(c) (exempting "bonus payments" from the definition of a "pension plan" "unless such payments are systematically deferred to the termination of covered employment or beyond, or so as to provide retirement income to employees").

The "primary purpose" of the EGP is not to provide retirement benefits or deferred income, but rather to encourage longevity and provide increased compensation to select Euterpe employees. Although the EGP provided participants with shares that vested over twenty years, participants were allowed to "retire" their shares prior to completing twenty years of service and prior to retirement. *Cf. Rich*, 823 F.3d at 1208 (stating that an expectation that participants hold their shares until leaving the firm did not mean that the primary purpose of the plan was to provide retirement benefits or deferred income); *see also id.* at 1211

2

(finding that a vesting schedule in the plan reinforces the conclusion that the plan is not subject to ERISA). Given the option to retire shares early under the EGP, there is no "systematic deferral" of redemption until retirement or termination. *Id.* at 1210. Additionally, the selection of employees to participate in the EGP was at the sole discretion of the Board of Directors of Euterpe, which further demonstrates that the primary purpose of the EGP was not to provide retirement or deferred income. *Id.*

Defendants argue that we could also affirm the district court on the basis that the EGP lacks a source of financing and that it does not have an ongoing administrative scheme. As the EGP fails the primary purpose test, we need not reach either of these issues. *Id.* Additionally, Miller argues that the "surrounding circumstances" test adopted in *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982), applies, while defendants argue against applying that test. We need not resolve whether to apply the test, as even considering all the surrounding circumstances, a "reasonable person" could not conclude that the EGP passed the "primary purpose" test. *Id.* at 1373.

**AFFIRMED.**

3